# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PEDRO GONZALEZ TORRES,<br>    Plaintiff,<br><br>       v.<br><br>UCONN HEALTH, et al.,<br>    Defendants. | No. 3:17-cv-00325 (SRU) |

# INITIAL REVIEW ORDER

Plaintiff Pedro Gonzalez Torres ("Gonzalez"),[1] a state prisoner currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed suit *pro se* under 42 U.S.C. § 1983, alleging that the defendants violated his rights under the Eighth, Ninth, and Fourteenth Amendments to the United States Constitution through deliberate indifference to his serious medical needs. Gonzalez names as defendants UConn Health; the Department of Correction; Commissioner of Correction Scott Semple; the Connecticut Department of Public Health; Medical Supervisor "John/Jane Smith"; Nurse "Rob Smith"; Doctor "John Doe"; Doctor "Jane Smith"; and the manufacturer and/or provider of Neurontin medication, "John/Jane Smith." Gonzalez's complaint was filed on February 23, 2017, Doc. No. 1, along with a motion for leave to proceed *in forma pauperis*, Doc. No. 2. Gonzalez's motion to proceed *in forma pauperis* was granted on February 27, 2017. Doc. No. 7.

---

[1] The plaintiff signed the complaint as "Pedro Gonzalez" and the Department of Correction website lists him as "Pedro Gonzalez." Thus, I will refer to the plaintiff as "Gonzalez."

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.  Allegations

On March 29, 2016, while confined at Northern Correctional Institution, Gonzalez awoke with severe back pain. Compl., Doc. No. 1, at 5. On May 29, 2016, Gonzalez saw Dr. "Jane/Smith" at Walker Correctional Institution. *Id.* She prescribed Gabapentin (Neurontin), an anticonvulsant used to control seizures, neuralgia, and other conditions. *See Gabapentin*, Mayo Clinic (2017), http://www.mayoclinic.org/drugs-supplements/gabapentin-oral-route/description/DRG-20064011.

On June 23, 2016, Gonzalez began exhibiting symptoms that he later discovered had been attributed to Neurontin. Compl., Doc. No. 1, at 5. On July 1, 2016, x-rays confirmed

2

"serious medical issues." *Id.* (brackets omitted) Regardless, Gonzalez was ordered to continue taking the medication. *Id.* On August 9, 2016, Gonzalez wrote to the medical department complaining of "pains and medical issues." *Id.* at 6 (brackets omitted).

On October 21, 2016, Gonzalez experienced shortness of breath. *Id.* A desk officer, Shulz, contacted the medical department multiple times on Gonzalez's behalf, but was told there was no medical emergency. *Id.* Gonzalez's medical file reflected that he suffers from asthma and back issues. *Id.* Although Gonzalez only alleges in the complaint that he experienced shortness of breath, he states in an attached grievance and letter to the Department of Public Health that he also suffered chest pains. *See* Exs. D & E to Compl., Doc. No. 1, at 22 & 26. Later that day, Gonzalez was called to the medical department. Compl., Doc. No. 1, at 6. The nurse, Rob, acted disrespectfully and made Gonzalez wait a long time before he was seen. *Id.*

On November 4, 2016, Gonzalez claims that he wrote to Commissioner Semple and Correctional Managed Health Care regarding the matters alleged in the complaint. *Id.* The attached exhibit purporting to be copies of the letters, however, consists of Department of Public Health forms with an envelope indicating that the forms were sent to Correctional Managed Health Care but could not be delivered. *See* Ex. E to Compl., Doc. No. 1, at 25. Although Gonzalez alleges that Commissioner Semple instructed him to submit a grievance, his evidence shows that action was recommended by a nurse at the Department of Public Health. *See id.* at 32. In any event, nothing was done to redress Gonzalez's situation. *Id.*

II. Analysis

As an initial matter, the Court notes that Gonzalez has included as defendants UConn Health, the Department of Correction and the Department of Public Health. Section 1983

3

requires that each defendant be a person acting under color of state law. 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordnance, regulation, custom or usage, of any State … subjects or causes to be subjected…."). State agencies are not persons within the meaning of section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agencies cannot be sued under section 1983); *Ferla v. Correctional Managed Health Care*, 2015 WL 5826812, at *2 (D. Conn. Oct. 2, 2015) (University of Connecticut Health Center and its divisions are not persons within the meaning of section 1983). Because none of those entities is a proper defendant, all claims against UConn Health, the Department of Correction and the Department of Public Health are dismissed.

Gonzalez contends that the defendants have violated his Eighth, Ninth and Fourteenth Amendment rights. See Compl., Doc. No 1, at 6. His primary claim is that the defendants were deliberately indifference to his serious medical needs in violation of the Eighth Amendment. He asserts two deliberate indifference claims. First, Dr. Jane Smith improperly prescribed Neurontin for an off-label use and caused him to suffer side-effects of the medication. *See id.* at 5. Second, Nurse Rob was deliberately indifferent to his claims of shortness of breath and chest pains by refusing to treat him for four hours. *See id.* at 6.

To state a claim for deliberate indifference to a serious medical need, Gonzalez must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)). The deliberate indifference standard has both objective and subjective components. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious," *Wilson v. Seiter*, 501 U.S. 294, 298

4

(1991)—that is, the condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendants must actually have been aware of a substantial risk that the inmate would suffer serious harm as a result of their actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 262, 279-80 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference, and is not cognizable under section 1983. *See id.* Nor is deliberate indifference satisfied by a difference of opinion regarding what constitutes an appropriate response and treatment. *See Ventura v. Sinha*, 379 F. App'x 1, 2–3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Yet even though a disagreement over treatment is not cognizable under section 1983, the treatment actually given must be adequate. *See Chance*, 143 F.3d at 703.

Complaints of severe back pain can constitute a serious medical need. *See, e.g.*, *Guarneri v. Hazzard*, 2008 WL 552872, at *6 (W.D.N.Y. Feb. 27, 2008) ("[s]evere back pain, especially if lasting an extended period of time, can amount to a serious medical need under the Eighth Amendment"); *Faraday v, Lantz*, 2005 WL 3465846, at *5 (D. Conn. Dec. 12, 2005) (lower back pain caused by herniated discs and sciatica constitute a serious medical need). Gonzalez alleges that he has back issues and that he experienced severe pain in March 2016. To the extent that Gonzalez has challenged the use of Neurontin to address his back issues, his claim fails, because the mere use of a drug for an off-label purpose does not constitute deliberate indifference. Although drug makers cannot market a drug for off-label purposes, federal law does not prohibit doctors from prescribing a drug for off-label purposes. *See Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341, 350 (2001). Thus, any claim that Dr. Smith improperly

prescribed Neurontin constitutes a disagreement about treatment, which is not cognizable under the Eighth Amendment.

Gonzalez also alleges that he suffered side-effects from Neurontin but was instructed to keep taking the medication. Gonzalez does not identify the nature of those side-effects. Although he alleges that x-rays confirmed "serious medical issues," he does not identify those issues or submit a copy of the x-ray results. *See* Compl., Doc. No. 1, at 5 (brackets removed). The only document Gonzalez submits to support this allegation merely confirms that x-rays were taken, and that Gonzalez was instructed to continue taking his medication. Absent more detailed factual allegations, I cannot determine whether the side-effects constitute a serious medical needs. In addition, Gonzalez alleges no facts suggesting that any defendant was aware of a risk that he would suffer serious harm. Gonzalez's allegations appear to raise, at most, a claim for medical malpractice, which is not cognizable under section 1983. Accordingly, I dismiss Gonalez's deliberate indifference claim relating to the side-effects of Neurontin. Gonzalez may file an amended complaint that includes this claim provided that he can allege facts demonstrating that the side-effects constitute a serious medical need and identify defendants who were deliberately indifferent to that need.

Gonzalez's second deliberate indifference claim relates to the conduct of Nurse Rob on October 21, 2016. Gonzalez alleges that Nurse Rob refused to provide any medical treatment for his complaints of shortness of breath and chest pain. Severe chest pain, which is a symptom consistent with a heart attack, is a serious medical need. *See Melvin v. Cnty. of Westchester*, 2016 WL 1254394, at *5 (S.D.N.Y. Mar. 29, 2016) (citing cases).

Although the allegations in the complaint are sparse, the attached grievance and letter to the Department of Public Health elaborate on the incident. *See* Ex. E to Compl., Doc. 1, at 26. Gonzalez states that the housing unit officer began contacting the medical unit at 8:30 a.m. *Id.* Nurse Rob told the housing unit officer that "chest pains weren't an emergency." *Id.* When Gonzalez finally was permitted to go to the medical unit by another medical unit staff member, Nurse Rob refused to treat Gonzalez and threatened that, if an EKG did not show that Gonzalez was experiencing a heart attack, Nurse Rob would issue Gonzalez a disciplinary charge. *Id.* Another medical staff member became tired of seeing Gonzalez waiting for Nurse Rob and examined Gonzalez at 12:05 p.m. *Id.* at 27.

Gonzalez has alleged facts or submitted documentary evidence showing that Nurse Rob understood the possible severity of Gonzalez's condition but refused to even examine him. At this stage of litigation, the allegations are sufficient to support a deliberate indifference claim.

Gonzalez also includes Commissioner Semple as a defendant. He alleges that he informed Commissioner Semple of his concerns on November 4, 2016, and Commissioner Semple advised him to submit a grievance. Compl., Doc. No. 1, at 6. As noted above, the documents Gonzalez submitted appear to contradict those allegations. Gonzalez did submit a grievance regarding the incident with Nurse Rob, however. *See* Ex. D to Compl., Doc. No. 1, at 22. The grievance is dated November 2, 2016, two days before Gonzalez allegedly wrote to Commissioner Semple. *Id.* The grievance was compromised on November 22, 2016. *Id.* After viewing video footage of the medical unit and Gonzalez's file, the nurse admitted that Gonzalez's wait time was "excessive," but found "no clear evidence that any altercation or

aggressive behavior occurred." *Id.* She stated that she would "follow up with staff to review expectations of wait times [and] conduct." *Id.*

Gonzalez does not identify any additional actions that Commissioner Semple could have taken. I conclude that Gonzalez has not alleged facts showing that Commissioner Semple was deliberately indifferent to his medical needs.

Gonzalez also asserts that he brings this action for violation of his rights under the Ninth Amendment. Courts within the Second Circuit generally hold that the Ninth Amendment is inapplicable to prisoner section 1983 cases. *See, e.g.*, *Muniz v. Goord*, 2007 WL 2027912, at *9 (N.D.N.Y. July 11, 2007) (citing cases). The one situation in which Ninth Amendment claims have been recognized deals with the disclosure of private medical or mental health information. *Id.* Gonzalez, however, alleges no facts stating a privacy claim. I dismiss any Ninth Amendment claims pursuant to 28 U.S.C. § 1915A(b)(1).

Gonzalez also cites the Fourteenth Amendment, which protects against the deprivation of a protected life, liberty or property interest without due process of law and ensures equal protection of the laws. *See* U.S. Const. amend. XIV, § 1. But Gonzalez alleges no facts suggesting that he was denied a protected interest or was treated differently from other inmates. Thus, there is no factual basis for a Fourteenth Amendment claim, and I dismiss any such claim pursuant to 28 U.S.C. § 1915A(b)(1).

III.    Motion for Appointment of Counsel

Gonzalez seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g.*, *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196,

204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)).

Gonzalez states that he has contacted three attorneys and is waiting for responses to his letters. Without responses, any appointment would be premature. In addition, Gonzalez does not indicate in his motion that he has requested assistance from Inmates' Legal Assistance Program, the organization under contract with the Department of Correction to provide legal assistance to Connecticut inmates. Thus, at this time, it is not clear that Gonzalez cannot obtain legal assistance on his own. Accordingly, I deny his motion to appoint counsel without prejudice.

IV.     Conclusion

I dismiss all claims against defendants UConn Health, the Department of Correction, the Department of Public Health; the claim against Commissioner Semple relating to the October 21, 2016 incident; all claims for violation of the Ninth and Fourteenth Amendments; and the Eighth Amendment deliberate indifference claim for off-label use of Neurontin pursuant to 28 U.S.C. § 1915(A)(b)(1).

I dismiss Gonzalez's claim for deliberate indifference based on the side-effects of Neurotonin without prejudice.[2] Gonzalez may file an amended complaint raising this claim if he

---

[2] That dismissal pertains to Gonzalez's claims against Dr. Jane Smith, manufacturer and/or provider of Neurotonin medication "John/Jane Smith," Medical Supervisor "John/Jane Smith," and Dr. "John Doe," all of whom Gonzalez appears to have intended to sue in connection with the side-effects of Neurotonin.

9

can allege facts (a) demonstrating that the side-effects created a serious medical need and (b) identifying a defendant who was deliberately indifferent to that need. I also dismiss Gonzalez's motion for appointment of counsel without prejudice.

At this time, the case will proceed on Gonalez's claim against Nurse Rob for deliberate indifference to a serious medical need, based on the events of October 21, 2016.

In addition, I order as follows:

(1) The Clerk shall verify the full name and current work address for Nurse Rob with the Department of Correction Office of Legal Affairs; mail a waiver of service of process request packet to him at the confirmed address within **twenty-one (21) days** of this Order; and report to the court on the status of the waiver request on the **thirty-fifth (35) day** after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service on the defendant in his individual capacity, and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the amended complaint on Nurse Rob in his official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within **thirty (30) days** from the date of this order.

(3) The Clerk shall send written notice to Gonzalez of the status of this action, along with a copy of this Order.

(4) The Clerk shall send a courtesy copy of the Complaint with exhibits and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Gonzalez changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he *must* notify the court. Failure to do so can result in the dismissal of the case. Gonzalez must give notice of a new address even if he is, or becomes, incarcerated. Gonzalez should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Gonzalez has more than one pending case, he should indicate all of the case numbers in the

notification of change of address. Gonzalez should also notify the defendant or the attorney for the defendant of his new address.

(10) Gonzalez shall utilize the Prisoner E-filing Program when filing documents in this case.

(11) If Gonzalez elects to file an amended complaint to replead the deliberate indifference claim based on the side-effects of Neurontin, he shall do so within **thirty (30) days** from the date of this order. The amended complaint also shall include the claim against Nurse Rob.

So ordered this 31st day of May 2017 at Bridgeport, Connecticut.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge