# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PEDRO GONZALEZ TORRES,<br>    Plaintiff,<br><br>v.<br><br>UCONN HEALTH, et al.,<br>    Defendants. | No. 3:17-cv-00325 (SRU) |

## INITIAL REVIEW ORDER (AMENDED COMPLAINT)

Plaintiff Gonzalez Torres ("Gonzalez") commenced this action asserting various claims relating to his medication, Neurontin, and treatment for back pain. On May 31, 2017, I issued an Initial Review Order directing service of the complaint on Nurse Rob regarding his treatment of Gonzalez on October 21, 2016 and dismissing the claim regarding the side-effects of Neurontin without prejudice. I also dismissed all claims against defendants UConn Health, the Department of Correction, the Department of Public Health, the claim against Commissioner Semple relating to the October 21, 2016 incident, and the deliberate indifference claims for off-label use of Neurontin. I granted Gonzalez leave to file an amended complaint if he could both allege facts showing that the side-effects of Neurontin created a serious medical need, and also identify a defendant who was deliberately indifferent to that need. I instructed Gonzalez that any amended complaint should include the claim against Nurse Rob. *See* Initial Review Order, Doc. No. 14.

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to

afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atl. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Gonzalez has filed an amended complaint including fourteen defendants: Commissioner Semple; UConn Health; APRN Barbara LaFrance; Dr. Syed Johar Naqvi; Nurse Rob; Warden Carol Chapdelaine; the Department of Public Health; Kathleen W. Boulware; Elaine Erwin Matulis; the Department of Public Health Division of Medical Quality Assurance; the Department of Correction; Pfizer; State Trooper Gardner; and the Department of Correction Correctional Transportation.

I previously dismissed all claims against defendants UConn Health, Department of Public Health and Department of Correction because these entities are not persons within the meaning of section 1983. *See* Initial Review Order, Doc. No. 14, at 3–4. Including them in the caption of the amended complaint will not revive the claims against them. For the same reasons, the Department of Public Health Division of Medical Quality Assurance and the Department of Correction Correctional Transportation Unit are not persons within the meaning of section 1983. Therefore, I dismiss the claims against those five defendants.

Gonzalez includes no allegations against defendants Boulware and Matulis. He does attach letters he received from each of them. Defendant Boulware sent Gonzalez an acknowledgment that the Department of Public Health had received his complaint. Defendant Matulis wrote him explaining that his complaint regarding the incident with Nurse Rob is not within the jurisdiction of the Department of Public Health. *See* Exs. 22 & 23 to Am. Compl., Doc. No. 22, at 14, 16. Those letters do not support a section 1983 claim against either defendant. Accordingly, I dismiss the claims against defendants Boulware and Matulis pursuant to 28 U.S.C. § 1915A(b)(1).

Gonzalez identifies defendant Pfizer as the maker of Neurontin in the list of defendants but includes no allegations against the company in his statement of facts. The only reference to Pfizer is in a document entitled "Supplemental Information" filed four days after the amended complaint. *See* Doc. No. 18. In that document, Gonzalez states that "Pfizer is responsible for any long-term injuries, side effects, or death d[ue] to tak[ing] (Neurontin) medication." *Id.* at 2. That document does not appear to have been intended as an amended complaint because it does not include all claims he has asserted in the Amended Complaint. *See Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well-established that an amended complaint ordinarily supersedes the original complaint and renders it of no legal effect."). Court rules make no provision for filing an amended complaint in piecemeal fashion. In addition, even were I to consider the allegation in the "Supplemental Information," a conclusory statement is insufficient to state a

plausible claim for relief.[1] *See Iqbal*, 556 U.S. at 678. Thus, I dismiss Gonzalez's claim against Pfizer pursuant to 28 U.S.C. § 1915A(b)(1).

Gonzales also includes a new claim against State Trooper Gardner. That claim, based on events from August 2015, is unrelated to the prescription of Neurontin for the severe back pain Gonzalez began experiencing in March 2016 or the incident with Nurse Rob in October 2016.

The new claim against State Trooper Gardner does not comply with the requirements governing party joinder under the Federal Rules of Civil Procedure. Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met: first, the claims must "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and second, it must be the case that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

"What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.,* 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). As the Second Circuit has observed in the context of Rule 13,[2] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial

---

[1] I also note that, even had Gonzalez properly alleged facts to support a products liability claim against Pfizer, that claim would be unrelated to his claims against correctional staff and, thus, improperly joined in this action. *See Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

[2] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma,* 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted).

4

economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

The claim against State Trooper Gardner is distinct from the claims concerning medical care within the Department of Correction and occurred over six months before any allegations relevant to the other claims. Hence, I dismiss without prejudice the claim against State Trooper Gardner as improperly joined. If Gonzalez wishes to pursue a claim against State Trooper Gardner, then he may do so in a separate action.

I enter the following orders:

(1) The Claims against UConn Health, the Department of Public Health and the Department of Correction were dismissed in the Initial Review Order and are not revived by inclusion of these defendants in the amended complaint. The claims against defendants Department of Correction Correctional Transportation and Department of Public Health Division of Medical Quality Assurance are **DISMISSED** because these entities also are not persons within the meaning of section 1983. The claims against defendants Boulware, Matulis, and Pfizer are **DISMISSED** for failure to state a cognizable claim. The claims against defendant Gardner are **DISMISSED** without prejudice to assertion in a separate action.

The case will proceed on the deliberate indifference claim against defendant Rob and the claim regarding the side-effects of Neurontin against defendants LaFrance, Naqvi, Semple, and Chapdelaine.

(2) **The Clerk shall** verify the current work addresses for defendants Semple, Chapdelaine, LaFrance, and Naqvi with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint to each of

these defendants at the confirmed addresses within **twenty-one (21) days of this Order**, and report to the court on the status of the waiver requests on the **thirty-fifth (35) day after mailing**. If any defendant fails to return the waiver request, then the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the amended complaint on defendants Semple, Chapdelaine, LaFrance, and Naqvi in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days from the date of this Order** and to file a return of service **within thirty (30) days from the date of this Order**.

(4) Defendants shall file their response to the amended complaint, either an answer or motion to dismiss, within **sixty (60) days from the date the waiver form is sent**. If they choose to file an answer, then they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) The remaining deadlines, established in the Initial Review Order remain in effect.

So ordered.

Dated this 29th day of August 2017 at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL

Stefan R. Underhill
United States District Judge