UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PEDRO GONZALEZ TORRES,
    Plaintiff,

v.

UCONN HEALTH, et al.,
    Defendants.

No. 3:17-cv-00325 (SRU)

**RULING ON PENDING MOTIONS**

The plaintiff, Pedro Gonzalez Torres ("Gonzalez"), has filed three motions to compel seeking various relief. In addition, inmate Jose Ramos ("Ramos") has filed a motion seeking to represent Gonzalez in this case, and Gonzalez has filed two motions to compel the Department of Correction to allow Ramos to file court documents on Gonzalez's behalf.

**I.    Motion to Compel [Doc. No. 11]**

In his first motion to compel, Gonzalez asks the Court to order the defendants to preserve the video recording of the morning on October 21, 2016, when Gonzalez sat in the medical unit waiting room for over three hours instead of receiving immediate medical attention for complaints of chest pain and shortness of breath.

The Department of Correction routinely re-cycles the tapes from stationary video cameras every thirty days unless a request is submitted to preserve the footage. *See Holloway v. Dep't of Corr.*, 2013 WL 628648, at *4 (D. Conn. Feb. 20, 2013) (noting defendants' response to motion to compel production of video footage that tapes from stationary cameras are recycled every thirty days). Gonzalez did not file his motion until seven months after the incident and does not state whether he submitted a request to have the footage preserved. Absent evidence that the footage even exists, I deny Gonzalez's motion.

**II.     Motion to Compel [Doc. No. 13]**

In his second motion to compel, Gonzalez states that in May 2017, the Department of Correction implemented a new policy under which inmates are no longer given the envelopes in which legal mail is sent. Gonzalez complains that, as a result of the policy, inmates do not have envelopes in which to store their legal materials. He asks the Court to order the defendants to give him his original legal envelopes.

Although styled a motion to compel, Gonzalez's second motion actually seeks preliminary injunctive relief. District courts may grant interim injunctive relief in the form of a preliminary injunction or temporary restraining order "where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (citations and internal quotation marks omitted). When the moving party seeks mandatory relief that "alters the status quo by commanding some positive act," however, the burden is higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citation and internal quotation marks omitted). The court should not grant mandatory injunctive relief absent "a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Id.* (citation omitted).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F.

Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994)) (other citations omitted).

Preliminary injunctive relief is available only to redress injuries that are related to the conduct giving rise to the complaint. *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit."); *Trowell v. Upstate Correctional Facility*, 2016 WL 7156559, at *7 (N.D.N.Y. Dec. 7, 2016) (citations omitted); *see also Lebron v. Armstrong*, 289 F. Supp. 2d 56, 60 (D. Conn. 2003) (preliminary injunction is designed to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits").

The claims in this action relate to Gonzalez' medical care. Gonzalez's second motion to compel concerns legal envelopes. As the motion is unrelated to the underlying claims, preliminary injunctive relief is not warranted. If Gonzalez wishes to challenge the change in policy, then he may do so in a separate action.

**III.     Motion to Compel [Doc. No. 19] and Motion for Permission to Appear [Doc. No. 23]**

Finally, Gonzalez has filed a motion asking the court to order that a motion completed by Ramos seeking to represent Gonzalez in this case be emailed to the court for filing. That document has been filed. Thus, Gonzalez's third motion to compel is denied as moot.

**IV.     Motion for Permission to Appear [Doc. No. 23] and Motions to Compel [Docs. Nos. 27 & 28]**

Ramos states that he is a "self-proclaimed Attorney General–Priv[a]te and has enough degree of expertise in law to represent another in court." Doc. No. 23, at ¶ 8. He asks the Court to permit him to represent Gonzalez in this case.

There are several requirements before an attorney can be admitted to practice before the district court. *See* D. Conn. L. Civ. R. 83.1. One important requirement is that the applicant must be a member in good standing of the Bar of the State of Connecticut or the bar of another United States District Court. D. Conn. L. Civ. R. 83.1(a). Ramos neither states nor provides evidence demonstrating that he has been admitted to practice in Connecticut state court or any other federal district court. Because Ramos fails to show that he satisfies any of the requirements for admission to this court, his motion is denied. Gonzalez's two motions to compel the Department of Correction to allow Ramos to file court documents on Gonzalez's behalf are also denied. The Clerk is directed not to docket any document Ramos might attempt to file in this case.

**V.     Conclusion**

Gonzalez's First Motion to Compel **[Doc. No. 11]** is **DENIED**. Gonzalez is directed to use Department of Correction procedures to request preservation of video recordings.

Gonzalez's Second Motion to Compel [**Doc. No. 13**], which actually is a motion for preliminary injunctive relief, is **DENIED**.

Gonzalez's Third Motion to Compel [**Doc. No. 19**] is **DENIED** as moot. Ramos's Motion for Permission to Appear [**Doc. No. 23**] and Gonzalez's Fourth and Fifth Motions to Compel [**Docs. Nos. 27 & 28**] are **DENIED**. The Clerk is directed not to docket any document Ramos may attempt to submit in this case.

So ordered.

Dated this 29th day of August 2017 at Bridgeport, Connecticut.

                                          /s/ STEFAN R. UNDERHILL
                                          Stefan R. Underhill
                                          United States District Judge