UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| PEDRO GONZALEZ TORRES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 3:17-cv-325 (SRU) |
| | : | |
| UCONN HEALTH, et al., | : | |
|     Defendants. | : | |
| | : | |

**RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Pedro Gonzalez Torres ("Gonzalez"), an inmate currently confined at MacDougall-Walker Correctional Institution, commenced this action asserting various claims relating to his medical care. By Initial Review Order filed on August 29, 2017, I permitted the case to proceed only on a deliberate indifference claim against defendant Rob, and on claims regarding the side-effects of Neurontin against defendants LaFrance, Naqvi, Semple and Chapdelaine. Doc. No. 30 at 5. On June 7, 2018, I granted in part the defendants' motion to dismiss the amended complaint. I dismissed with prejudice the claims against defendants Chapdelaine and Semple for damages and all claims against defendant Rob. Doc. No. 68. Accordingly, the only claim still remaining in this case relates to the side-effects of Neurontin. On March 7, 2018, Gonzalez filed a Motion for Summary Judgment. Doc. No. 60. The defendants filed oppositions to the motion. Doc. No. 74, 77. For the reasons that follow, Gonzalez's motion is **denied**.

I.     Standard of Review

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(a); *In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009). The moving party may satisfy his burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the moving party meets that burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). The nonmoving party "must offer some hard evidence showing that its version is not wholly fanciful." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998). "The trial court's function at this stage is to identify issues to be tried, not decide them," *Graham v. Long Island R.R. Co.*, 230 F.3d 34, 38 (2d Cir. 2000), and so "[o]nly when no reasonable trier of fact could find in favor of the non-moving party should summary judgment be granted." *White v. ABCO Eng'g Corp.*, 221 F.3d 293, 300 (2d Cir. 2000).

II.  Facts[1]

Gonzalez was transferred to MacDougall-Walker Correctional Institution in June 2016, where he was medically treated by Dr. Naqvi and APRN LaFrance. On June 29, 2016, LaFrance diagnosed Gonzalez as suffering from neuropathy and prescribed Neurontin. On July 7, 2016, the Utilization Review Committee reviewed Gonzalez's case, and on September 1, 2016, he underwent an MRI. On September 11, 2016, Dr. Naqvi raised Gonzalez's Neurontin dosage.

---

[1] The facts are taken from the parties' Local Rule 56(a) Statements and supporting exhibits. Gonzalez includes many facts irrelevant to the one remaining claim in this case. Only the relevant facts are set forth.

On November 17, 2016, Gonzalez experienced lower back pain. Dr. Naqvi examined Gonzalez and raised his Neurontin dosage from 400 mg to 600 mg twice daily. On November 22, 2016, December 19, 2016, and January 2, 2017 Gonzalez experienced more pain. On December 4, 2016, Gonzalez began having issues with his eyes and complained of double/blurry vision. Since January 5, 2017, Gonzalez has been experiencing double or blurry vision, loss of memory, difficulty speaking, inability to focus, headaches, sore throat, and mood swings. He complained to Dr. Naqvi, two nurses and two eye doctors that he thought the symptoms were side effects from Neurontin. Gonzalez's family did an Internet search and discovered that all of his symptoms were possible side effects of Neurontin.

On March 21, 2017, Gonzalez experienced more symptoms. He tried to see Dr. Naqvi but was referred to mental health staff. On March 24, 2017, Gonzalez experienced severe back pain. He was brought to the medical unit by stretcher and administered an injection to relieve the pain.

III. Discussion

In his motion for summary judgment, Gonzalez states that the defendants violated his rights under the Eighth, Ninth, Tenth and Fourteenth Amendments. Mot. Summ. J., Doc. No. 60 at 1. As noted above, however, the amended complaint was permitted to proceed only on an Eighth Amendment deliberate indifference to medical needs claim relating to the side-effects of Neurontin. Int'l Rev. Order, Doc. No. 30 at 5. Gonzalez cannot amend his complaint to include other claims by referencing them in a motion or memorandum. *See Uddoh v. United Healthcare*, 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017) (citing cases). The other claims referenced in the motion are not properly before the Court and are not considered in this ruling.

To prevail on his claim for deliberate indifference to a serious medical need, Gonzalez must present evidence establishing two elements. First, objectively, he must prove that the alleged treatment decisions were "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Gonzalez must present evidence showing that his medical needs, "either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). "There is no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). However, the Second Circuit has identified "a non-exhaustive list" of factors to consider, such as: "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) 'the existence of chronic and substantial pain.'" *Id.* (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Second, subjectively, the defendants must have "act[ed] with a sufficiently culpable state of mind." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). They must have been "actually aware of" or deliberately indifferent to "a substantial risk that serious inmate harm w[ould] result" from their actions or inactions. *Id.* "[T]he official's actions [must be] more than merely negligent," for negligence that might support a claim for medical malpractice is not cognizable under section 1983. *Id.* Nor is "a mere difference of opinion over a matter of medical judgment." *Chance*, 143 F.3d at 703.

Gonzalez argues that Dr. Naqvi and APRN LaFrance knew of his medical issues, knew that the issues could be side effects of Neurontin, but did not discontinue or change his medication or investigate his symptoms. However, he provides no evidence to show that the

4

alleged symptoms actually were side effects of Neurontin.

The defendants have submitted Gonzalez's medical records which document his complaints of blurry vision and contain an ophthalmologist's report stating that he could not substantiate any of Gonzalez's ocular complaints on physical examination. Doc. No. 75 at 7, 152, 157, 171. The other purported side effects are mentioned once, after Gonzalez received a copy of an article listing possible Neurontin side effects. A review of the record shows Gonzalez has presented no admissible evidence supporting his assumption that his complaints are side effects from Neurontin. Nor has he presented any evidence that Dr. Naqvi and LaFrance were actually aware of or deliberately indifferent to a substantial risk to Gonzalez's health. Absent such evidence, Gonzalez's motion for summary judgment must be denied.[2]

Warden Chapdelaine remains a defendant only in official capacity because Gonzalez seeks injunctive relief as well as damages. The defendants have filed the declaration of Commissioner Semple stating that Warden Chapdelaine has retired from the Department of Correction. Doc. No. 74-1, ¶ 5. Because she no longer can afford any injunctive relief to Gonzalez should he prevail in this action, the claims against Warden Chapdelaine are dismissed pursuant to 28 U.S.C. § 1915A(b)(1), and the current warden of MacDougall-Walker in his official capacity is substituted for Chapdelaine as a defendant. *See* Fed. R. Civ. P. 25(d).

IV. Conclusion

Gonzalez's motion for summary judgment **(Doc. No. 60)** is **DENIED.** The remaining

---

[2] In his reply memorandum, Gonzalez asks the Court to find disputed issues of fact. Doc. No. 78 at 11, ¶ 35. Thus, he concedes that his motion for summary judgment should be denied.

5

claims against Chapdelaine are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), however, the claims may proceed against the substituted defendant, Warden William Mulligan.  The Clerk is directed to substitute Warden Mulligan as a defendant in place of Chapdelaine.

    So ordered.

    Dated at Bridgeport, Connecticut, this 23rd day of August 2018.

                                                /s/ STEFAN R. UNDERHILL
                                                Stefan R. Underhill
                                                United States District Judge